IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>TRANSATLANTIC REINSURANCE COMPANY,<br><br>        Defendant. | Case No. 8:14-cv-74<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff National Indemnity Company ("NICO"), by and through its undersigned counsel, hereby files this Complaint against Transatlantic Reinsurance Company ("TRC") and alleges as follows:

## NATURE OF THE CASE

1. This is an action for a declaratory judgment. NICO seeks a declaration that it cannot be compelled to arbitrate disputes arising under a 1985 reinsurance contract between TRC and The Continental Insurance Company ("Continental"). NICO is not a signatory to that contract and its arbitration clause. Specifically, TRC cannot force NICO to appear as a party in a year-old arbitration brought against TRC by Continental because NICO is not a party to the reinsurance contract and did not otherwise agree to arbitrate with TRC. NICO also seeks injunctive relief to prevent TRC from pursuing claims against NICO through such arbitration.

2. On or about February 27, 2014, NICO received a letter from TRC demanding that NICO join a year-old arbitration between Continental and TRC (the "Continental-TRC Arbitration"). The arbitration demand letter requested that NICO consent to appear "as a Petitioner" in the Continental-TRC arbitration by the close of business on March 3 or else TRC "will take immediate action to compel NICO to participate as a party to the arbitration."

3. TRC's arbitration demand letter does not identify the claims, if any, TRC seeks to arbitrate with NICO. Continental (the petitioner in the Continental-TRC Arbitration) has not asserted any claims against NICO in the Continental-TRC Arbitration.

4. TRC's arbitration demand letter does not identify any agreement where NICO and TRC agreed to resolve disputes through arbitration (let alone through the Continental-TRC Arbitration). And NICO is not a party to the reinsurance agreement between Continental and TRC, pursuant to which the Continental-TRC Arbitration has been commenced.

5. Given TRC's acts and statements, a real, immediate, and substantial dispute exists between the parties concerning whether TRC may compel NICO to belatedly join an arbitration brought by Continental against NICO, for which NICO now seeks declaratory and injunctive relief.

## PARTIES

6. Plaintiff NICO is a corporation duly organized and existing under the laws of the State of Nebraska, with its principal place of business in Omaha, Nebraska. It is engaged in the business of insurance and reinsurance.[1]

7. Defendant TRC is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in New York. TRC regularly conducts business in the State of Nebraska. TRC is actively licensed with the Nebraska Department of Insurance and has been since 1978.

---

[1] Reinsurance is an insurance relationship whereby a "reinsurer" indemnifies an insurance company (the "reinsured") for a portion of the risk arising out of the insurance company's operations.

2

## JURISDICTION AND VENUE

8. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Federal Rule of Civil Procedure 57, and for injunctive relief pursuant to Federal Rule of Civil Procedure 65(a).

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

10. Defendant TRC is subject to the personal jurisdiction of this Court. TRC regularly conducts business in Nebraska and is actively licensed with the Nebraska Department of Insurance.

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c). A substantial part of the events or omissions giving rise to the claim occurred in this district and defendant TRC is subject to the personal jurisdiction of this Court with respect to this action.

## FACTUAL ALLEGATIONS

**NICO Is Not A Party To The 1985 Agreement Between Continental And TRC That Contains The Relevant Arbitration Agreement And Did Not Assume Continental's Obligations Thereunder**

12. On or around January 1, 1985, Continental and TRC entered into an agreement whereby TRC agreed to reinsure Continental for certain losses (the "Continental-TRC Agreement"). A copy of the relevant portions of the Continental-TRC Agreement is attached as Exhibit A.

13. The Continental-TRC Agreement includes a provision whereby Continental and TRC agreed to resolve certain disputes through arbitration.

14. NICO is not and never has been a party to the Continental-TRC Agreement. NICO has also never been a subsidiary, parent, or affiliate of any party to the Continental-TRC Agreement.

15. NICO has not assumed the obligations of Continental under the Continental-TRC Agreement nor has it expressed an intent to do so. NICO is not bound by Continental's agreement to arbitrate with TRC.

16. The Continental-TRC Arbitration was commenced in or around March 2013 pursuant to the Continental-TRC Agreement. Upon information and belief, discovery is proceeding in the arbitration and the final hearing has been scheduled for the week of October 20, 2014.

**TRC Can Get The Full Relief It Seeks In The Continental-TRC Arbitration Without NICO Being A Party**

17. The fundamental issue in the Continental-TRC Arbitration is Continental's contention that it is entitled to recover from TRC various sums under the Continental-TRC Agreement, while TRC denies that any amounts are due and owing under such agreement.

18. TRC can get the full relief it seeks in the Continental-TRC Arbitration (a determination that it owes no further money to Continental under the Continental-TRC Agreement) without NICO being a party to the arbitration.

**TRC Demands That NICO Consent To Join The Continental-TRC Arbitration**

19. Nonetheless, on or about February 27, 2014, NICO received an arbitration demand letter from TRC requesting that NICO join the Continental-TRC Arbitration as a party. TRC's letter "demands that NICO appear and participate as a Petitioner in the arbitration, that it submit to the authority of the arbitration panel and agree to be bound by all interim orders of the panel, as well as any final awards that may be entered." A copy of the arbitration demand letter is attached as Exhibit B.

20. TRC's February 27 letter asked NICO to agree within two business days (by March 3) or else TRC "will take immediate action to compel NICO to participate as a party to the arbitration." See Exhibit B, p 2.

### NICO Did Not Agree To Arbitrate With TRC

21. TRC's February 27 arbitration demand letter does not identify any agreement between NICO and TRC wherein NICO agreed to resolve disputes with TRC through arbitration and NICO is not aware of any such agreements that would apply to claims regarding the Continental-TRC Agreement.

### TRC Has Not Articulated Any Claims That NICO Has Against It Or That It Has Against NICO

22. TRC's February 27 arbitration demand letter requests that NICO "appear and participate as a Petitioner in the arbitration." See Exhibit B, p. 1.

23. TRC's letter does not identify what claims, if any, TRC seeks to force NICO to bring as a petitioner in the arbitration.

24. TRC's letter also does not explain whether TRC seeks to bring any claims against NICO in the Continental-TRC Arbitration and, if so, what they are.

25. NICO is not aware of any viable claim for relief that TRC could assert in the Continental-TRC Arbitration against NICO.

26. On March 3, 2014, NICO responded to TRC's February 27 arbitration demand letter asking TRC to clarify whether there is a claim for relief TRC intends to assert against NICO. TRC has not responded to date. A copy of NICO's March 3 letter is attached as Exhibit C.

27. Because of TRC's threat to "take immediate action to compel NICO to participate as a party to the arbitration", NICO commenced this action at this time.

### NICO's 2010 Agreement With Continental Is Not A Basis For Ordering NICO To Participate As A Party In The Continental-TRC Arbitration

28. The only involvement by NICO in the Continental-TRC dispute referenced in TRC's February 27 arbitration demand letter is that NICO entered into an agreement with Continental in July 2010 pursuant to which NICO agreed to reinsure Continental with respect to certain legacy asbestos and environmental liabilities (the "Continental-NICO Agreement"). A copy of the form of the Continental-NICO Agreement, as filed with the United States Securities and Exchange Commission, is attached as Exhibit D.

29. In exchange for a premium payment, NICO agreed to reinsure Continental for amounts Continental would otherwise have had to pay out of its own pocket after collecting reinsurance to which Continental is legally entitled, such as the reinsurance Continental is seeking to collect from TRC under the 1985 Continental-TRC Agreement.

30. As part of the Continental-NICO Agreement, Continental appointed NICO or its affiliates to provide administrative services relating to the collection of proceeds of Continental's third party reinsurance agreements, which include the Continental-TRC Agreement.

31. Prior to the Continental-NICO Agreement, Continental invoiced TRC directly. After the Continental-NICO Agreement, NICO, through its affiliates, invoiced TRC on Continental's behalf.

32. However, the Continental-NICO Agreement does not incorporate the Continental-TRC Agreement. The Continental-NICO Agreement neither specifically references the Continental-TRC Agreement nor TRC. By the Continental-NICO Agreement, NICO did not bind itself to the arbitration clause in the Continental-TRC Agreement.

**NICO Would Be Unfairly Prejudiced By Being Compelled To Join A Year-Old Arbitration That It Never Consented To**

33. The Continental-TRC Arbitration has been proceeding for over a year. Forcing NICO to join the arbitration as a party (let alone "as a Petitioner") at this stage would prejudice NICO.

34. For example, Continental and TRC are both represented on the panel through party-appointed arbitrators. There is no arbitrator appointed by NICO.

35. The party-appointed arbitrators have selected a neutral umpire and the parties have already filed position statements and the panel has already held a hearing.

36. Discovery is proceeding in the arbitration and the final hearing has been scheduled for the week of October 20, 2014.

37. Compelling NICO to join the Continental-TRC Arbitration at this stage would either require the arbitration to start over, wasting the parties' and the arbitration panel's time and effort over the past year, or would unfairly require NICO to participate in an arbitration where it was not involved in the selection of the arbitrators, or in other key parts of the arbitral process.

**FIRST CAUSE OF ACTION**
(Request for Declaratory Judgment)

38. NICO repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 as if fully set forth herein.

39. A ripe and justiciable controversy exists between NICO and TRC as to whether TRC may compel NICO to participate as a party in the Continental-TRC Arbitration.

40. NICO seeks a judicial declaration as to whether, and if so to what extent, TRC is entitled to compel NICO to participate as a party in the Continental-TRC Arbitration.

## SECOND CAUSE OF ACTION
(Injunctive Relief)

41. NICO repeats and re-alleges each and every allegation contained in paragraphs 1 through 40 as if fully set forth herein.

42. TRC has issued an arbitration demand to NICO and threatened "take immediate action to compel NICO to participate as a party to the arbitration." On information and belief, unless TRC is enjoined, it will continue to pursue such claims.

43. NICO will suffer irreparable harm unless this Court grants the injunctive relief it seeks because it will be forced to arbitrate a dispute it has not agreed to arbitrate and will be forced to expend substantial time and resources it can never recover arbitrating claims it never agreed to arbitrate, or risk an adverse outcome in such proceeding.

44. NICO has no adequate remedy at law because any post-arbitration challenge by NICO to an arbitrator's award would still require it to defend itself in an arbitration proceeding to which it did not consent.

45. TRC will suffer no irreparable harm in the event an injunction issues.

46. The balance of equities weighs heavily in favor of an injunction.

47. The public interest would be served by enjoining TRC from pursuing its claims against NICO in the Continental-TRC Arbitration because the parties did not agree to arbitrate such dispute in the Continental-TRC Arbitration.

48. NICO seeks an injunction enjoining TRC from any action regarding arbitration of any dispute it has with NICO relating to the 1985 Continental-TRC Agreement.

## PRAYER FOR RELIEF

WHEREFORE, NICO respectfully requests (i) a declaration that it is not obligated to participate as a party in the Continental-TRC Arbitration, (ii) an injunction enjoining TRC from any action regarding arbitration of any dispute it has with NICO relating to the 1985

8

Continental-TRC Agreement, (iii) an award of the costs of its suit, as well as (iv) such other relief as the Court may deem just and proper.

## JURY DEMAND

To the extent permitted by law, NICO respectfully demands a trial by jury on all issues.

## REQUEST FOR PLACE OF TRIAL

NICO respectfully requests that Omaha, Nebraska, be designated as the place of trial.

DATED: March 4, 2014

                Respectfully submitted,

                /s/ *Cathy S. Trent-Vilim*
                William M. Lamson, Jr., #12374
                Cathy S. Trent-Vilim, #22489
                LAMSON, DUGAN & MURRAY, LLP
                10306 Regency Parkway Drive
                Omaha, NE 68114
                Tel: (402) 397-7300
                Fax: (402) 397-8450
                wlamson@ldmlaw.com
                ctrent-vilim@ldmlaw.com
                *Attorneys for National Indemnity Company*